**Opinion issued October 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00737-CR

———————————

**BRUCE EGRIM JOSEPH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 05-DCR-043408A**

## MEMORANDUM OPINION

Appellant Bruce Egrim Joseph pleaded guilty to the felony offense of aggravated sexual assault and, pursuant to the terms of a plea agreement, was sentenced to 35 years' imprisonment on December 12, 2006. On July 8, 2014, the trial court signed an order denying Joseph's post-conviction "Motion and Request

for Post Conviction Forensic DNA Testing and Appointment of Counsel and Appointment of Investigator and to Permit the Examination of the Applicant and for Authority to Incur Expenses and to Testify Free From Impeachment by Prior Conviction." Joseph filed a pro se notice of appeal of the order on September 2, 2014. We dismiss the appeal for want of jurisdiction.

An appeal from a denial of a motion for DNA testing is treated in the same manner as an appeal of any other criminal matter. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05 (West 2006). Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when a notice of appeal is filed within thirty days after the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3. Joseph did not file a motion for extension of time in this case.

Joseph's notice of appeal was due to have been filed on or before August 7, 2014. *See* TEX. R. APP. P. 26.2(a)(2). The notice of appeal filed by Joseph on September 2, 2014 (26 days after the deadline) was therefore untimely. This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent

a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because Joseph's notice of appeal was not timely, we lack jurisdiction over this appeal.

Accordingly, the appeal is dismissed for want of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).